UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY CLIFFORD PAIGE,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C06-5042 RJB<br>(CR92-1781)<br><br>**ORDER DISMISSING CASE** |

This matter comes before the court on petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. 1. The court has considered the relevant documents and the file herein.

PROCEDURAL HISTORY

On May 12, 1993, pursuant to the terms of a plea agreement, petitioner pled guilty to (1) possession with intent to distribute cocaine, in violation of Title 21, United States Codes, Section 841(a)(1) and (b)(1)(A), and (2) premeditated homicide, in violation of Title 18, United States Code, Section 1111. Under the plea agreement, Count 1 carried a term of not less than 10 years or more than life, and Count 2 carried a mandatory term of imprisonment for life. Petitioner signed his plea agreement, as did his attorney, and the Court reviewed its terms during the plea colloquy in open court. On May 12, 1993, immediately following his guilty pleas, petitioner was sentenced to life in prison.

ORDER
Page - 1

On May 16, 2005, approximately 12 years later, petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals, which was dismissed as untimely on September 2, 2005. On January 17, 2006, petitioner filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. C06-5042RJB, Dkt. 1.

## CLAIMS

In his Motion (Dkt. 1) and Supplemental Brief (Dkt. 4), petitioner argues that the time for filing a petition under 28 U.S.C. § 2255 has been extended by *United States v. Booker*, 125 S.Ct. 738 (2005). Petitioner presents the following claims: (1) a global plea agreement is inherently unfair and should be set aside, (2) petitioner's sentence as an aider and abetter is unfair and should be set aside, (3) petitioner's counsel was ineffective because neither counsel nor the Court advised petitioner of his right to appeal at sentencing, (4) petitioner's life sentence should be set aside because the government did not plead and prove necessary aggravating factors for a death sentence, and (5) petitioner's sentence should be set aside for consideration of sentencing factors listed in Title 18, U.S.C. § 3553, which petitioner claims are now retroactively applicable. C06-5042RJB, Dkt. 1 and 4.

## LEGAL STANDARD

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

## DISCUSSION

**Limitations Period**

28 U.S.C. § 2255 provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
>    (1) the date on which the judgment becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A conviction becomes final whenever the opportunity for direct appeal is exhausted. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003). In this case, final judgment was entered on May 28, 1993, and no direct appeal was filed within the appeal period. Indeed, no appeal was filed until 2005.

While 28 U.S.C. § 2255(1) provides that the one-year limitations period runs from the date a prisoner's conviction becomes final, those whose convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) had a one-year period from its effective date–until April 23, 1997–to file timely motions under § 2255(1). *See Tworivers v. Lewis,* 174 F.3d 987, 996 n. 7 (9th Cir.1999). Petitioner did not file this motion prior to April 23, 1997. The one year limitations period has long since passed. Therefore, the motion is barred by the limitations period of 28 U.S.C. § 2255.

With regard to petitioner's claims based on the U.S. Supreme Court's decision in *Booker*, the Supreme Court has not, at this point, made *Booker* retroactive to cases on collateral review. The Ninth Circuit has determined, under the analysis of *Teague v. Lane,* 489 U.S. 288, 310 (1989), that *Booker* does not apply retroactively on collateral review to convictions that became final prior to *Booker's* pronouncement. *See United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005), *cert denied*, *Cruz v. U.S.*, 126 S.Ct. 1181 (January 23, 2006). Moreover, every other Circuit has now reached the same conclusion. Accordingly, the exception to the statute of limitations in 28 U.S.C. § 2255(3), set forth above, does not apply.

Finally, petitioner has not shown any grounds for tolling the statute of limitations. The court should dismiss this Section 2255 motion as barred by the limitations period of 28 U.S.C. § 2255.

## ORDER

Therefore, it is hereby

**ORDERED** that petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 1) is **DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of April, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 4